## COMMONWEALTH *vs.* WILLIAM KINSLEY.

An indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquor, is sustained by evidence that the defendant kept a tenement consisting of a saloon, where he carried on a lawful business, and of rooms situated on an upper floor and communicating with the saloon by an elevator; that a quantity of rum, gin and whiskey was seized by an officer in one of these upper rooms; that the sale of malt liquors was at that time lawful; and that, after the seizure, the defendant on the same day told the officer that he could not make money by selling ale, or a living without selling liquor, and that the liquors seized were a larger stock than he had had for some time and he had just got them in.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining at the city of Worcester on September 1, 1870, and divers other days and times between that day and October 15, 1870, a tenement used for the illegal sale and illegal keeping of intoxicating liquor.

At the trial in the superior court, before *Brigham*, C. J., the evidence for the Commonwealth tended to show that during the latter part of September 1870 the defendant kept what was called an "eating saloon" in a building on Millbury Street in the city of Worcester, and occupied some rooms on an upper floor in the building, which were connected with the saloon by an elevator

that " in the latter part of said September " a deputy of the constable of the Commonwealth seized several gallons of whiskey and some rum and gin in jugs, in one of these upper rooms, which was occupied as a bed-room ; that afterwards, on the day of the seizure, the deputy constable had some conversation with the defendant, in which the defendant said "that he could not get a living without selling liquor, and could not make any money selling ale ; " that in the course of the conversation the deputy constable informed the defendant that he had seized a quantity of liquor at his place, and the defendant asked him if he got it up stairs ; and that the defendant also said " that it was a larger stock of liquor than he had had on hand for some time, and that he had just got it in." It was admitted that the inhabitants of the city of Worcester voted on September 6, 1870, to permit the sale of ale, porter, strong beer and lager beer, within that city.

The judge refused a request of the defendant for a ruling that the evidence was not sufficient to support the indictment, and instructed the jury that they might find the defendant guilty, " if, having a tenement, consisting of a saloon used by him for the sale of merchandise which he might lawfully sell, and of other rooms in which he resided with his family on a floor above said saloon, and which communicated with it by means of an elevator, he used one of said rooms for keeping for sale liquors which were spirituous and intoxicating." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. T. Blackmer*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. · The evidence tended to show that the defendant kept and maintained a tenement used for the sale and keeping of intoxicating liquors, the sale and keeping of which were at the times in question prohibited by statute; and was sufficient to warrant the jury in finding a verdict of guilty.

*Exceptions overruled.*